**United States District Court**

For the Northern District of California

1

2

3

4

**NOT FOR CITATION**

5

UNITED STATES DISTRICT COURT

6

NORTHERN DISTRICT OF CALIFORNIA

7

8

9    RADFER TRUST,

10            Plaintiff,                          No. C 05-1867 PJH

11       v.                                       **ORDER RE MOTION TO AMEND**
                                                  **ORDER OF DISMISSAL AND MOTION**
12   FIRST UNUM LIFE INSURANCE                    **TO AMEND JUDGMENT**
     COMPANY OF AMERICA,
13
              Defendant.
14   _____/

15          Defendant's motion to amend the August 17, 2005, order of dismissal, pursuant to

16   Federal Rule of Civil Procedure 60(a), is GRANTED IN PART and DENIED IN PART.

17   Holding No. 3 in the Order Granting Motion to Dismiss is amended to read as follows:

18           3.      The fourth cause of action is dismissed for failure to state a claim.
         Because the court finds, as stated at the hearing, that granting leave to amend
19       this claim would be futile, the dismissal is without leave to amend.

20          Defendant's request to amend the order of dismissal to state that the dismissal of the

21   first cause of action is "with prejudice" is DENIED.  Defendant argues that the order should be

22   amended to reflect the hearing on the motion to dismiss, where the court stated, referring to

23   the entire action, "I am dismissing this with prejudice."  Defendant also contends that dismissal

24   for failure to exhaust administrative remedies is generally "dispositive," citing three decisions

25   from the Northern District of California, two from Judge Fogel, and one from Judge Armstrong.

26          Upon further consideration, the court finds that the dismissal of the first cause of action

27   should be without prejudice.  The decisions cited by defendant are procedurally

28   distinguishable, as each involved a motion for summary judgment, not a motion to dismiss for

**United States District Court**
For the Northern District of California

1  failure to state a claim under Rule 12(b)(6).  Moreover, even had the court in the present action

2  granted summary judgment on all claims, the dismissal of the first cause of action for failure to

3  exhaust administrative remedies would not necessarily constitute a ruling on the merits of the

4  claim.  Under certain circumstances, such a ruling could be "limited to resolving the threshold

5  question of whether administrative remedies must be exhausted" before a plaintiff may bring

6  this claim in federal court.  See D'Amico v. CBS Corp., 297 F.3d 287, 293-94 (3rd Cir. 2002).

7        While it is not clear to the court whether exhaustion is still available, or whether any

8  further attempt by the plaintiff to pursue this matter with First UNUM would be time-barred, the

9  court is unwilling to foreclose plaintiff's ability to exhaust by dismissing the first cause of action

10  with prejudice.  Accordingly, the court finds that the dismissal shall be without prejudice to

11  plaintiff's pursuing whatever rights the insured may have under the Plan.

12        Finally, plaintiff's motion to amend the judgment is GRANTED.  The court will issue an

13  amended judgment.

14

15  **IT IS SO ORDERED.**

16  Dated: November 1, 2005

17  _____
    PHYLLIS J. HAMILTON
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

2